## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Twin Lakes Sales, LLC,

                Plaintiff,

                **MEMORANDUM OPINION**
   v.               **AND ORDER**
                Civil No. 05-555 ADM/AJB

Hunter's Specialties, Inc.,

                Defendant.

_____

Thomas A. Harder, Esq., Foley & Mansfield, P.L.L.P., Minneapolis, MN, argued for and on behalf of Plaintiff.

Susan K. Fitzke, Esq., Meagher & Geer, P.L.L.P., Minneapolis, MN, argued for and on behalf of Defendant.

_____

## I. INTRODUCTION

On June 21, 2005, oral argument before the undersigned United States District Judge was heard on Defendant Hunter's Specialties, Inc.'s ("Defendant") Motion to Dismiss [Docket No. 2]. In its Complaint [Docket No. 1], Plaintiff Twin Lakes Sales, LLC ("Plaintiff") alleges Defendant owes Plaintiff commissions under a Manufacturer's Representative Agreement ("MRA"), and seeks an accounting. Because Plaintiff is estopped from bringing this lawsuit in this forum and because the forum selection clause contained in the MRA is valid and mandates Iowa as a forum, Defendant's Motion is granted.

## II. BACKGROUND

Plaintiff Twin Lakes Sales, LLC, and Defendant Hunter's Specialties, Inc. have had a relationship spanning decades. The focus of this lawsuit is on the Manufacturer's Representative Agreement executed by the parties on June 27, 1996. Compl. Ex. A. The MRA contains a forum selection clause which states:

> This Agreement shall be governed by and construed in accordance with the laws of the State of Iowa, and the parties hereto consent to and accept the jurisdiction of the Courts of the State of Iowa with respect to the determination of any claim, dispute or disagreement which may arise from the interpretation, performance or breach of this Agreement, or with respect to any matter involved herein.

Id. ¶ 10.  On November 18, 2004, Plaintiff filed a lawsuit against Defendant in the Hennepin County District Court ("State Court lawsuit").  In the State Court lawsuit, Plaintiff alleged virtually the same claims as it does in the instant suit.[1]  Fitzke Aff. [Docket No. 5] Ex. 2. Defendant sought dismissal of the State Court lawsuit, alleging the forum selection clause mandated an Iowa forum.  Applying Minnesota law, Judge Robert Blaeser granted Defendant's motion for dismissal, ruling that Plaintiff's claims in the State Court lawsuit were all governed by the forum selection clause, and must therefore be dismissed.  Fitzke Aff. Ex. 3.  On March 16, 2005, Plaintiff filed this lawsuit.

## III. DISCUSSION

### A.    Standard of Review

Federal Rule of Civil Procedure 12(b)(3) provides for dismissal on the basis of improper venue.  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d at 112; Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).  Any ambiguities concerning the sufficiency of the claims must be resolved in favor of the nonmoving party.  Ossman, 825 F. Supp. at 880.  Dakota Indus., Inc. v. Dakota Sportswear, Inc.

---

[1] Only two minor differences distinguish the suits.  First, in the State Court lawsuit, the presidents of both Plaintiff and Defendant were named as parties.  Second, in the State Court lawsuit, Plaintiff's fifth claim purports to be a common law quantum meruit claim, while the fifth claim in the instant suit is based on Iowa statutory law.

2

946 F.2d 1384, 1387 (8th Cir. 1991).  "A motion to dismiss should be granted as a practical

matter . . . only in the unusual case in which the plaintiff includes allegations that show on the

face of the complaint that there is some insuperable bar to relief."  <u>Frey v. City of Herculaneum</u>,

44 F.3d 667, 671 (8th Cir. 1995).

## B.    Estoppel

Defendant first argues that the ruling in the State Court lawsuit has preclusive effect on

this Court.  This Court is bound to a Minnesota court decision "whenever the courts of the state

court would do so."  <u>Baker Electric Coop. Inc. v. Devils Lake Sioux Indian Tribe</u>, 28 F.3d 1466,

1475 (8th Cir. 1994).  Under Minnesota law, collateral estoppel serves to bar the relitigation of

issues which are identical to issues previously litigated.  <u>Pope County Bd. of Comm'rs v.

Pryzmus</u>, 682 N.W.2d 666, 669 (Minn. Ct. App. 2004).  Minnesota courts have set forth a four

factor test for determining when collateral estoppel applies:

> (1) The issue was identical to one in a prior adjudication; (2) There was a final judgment
> on the merits; (3) The estopped party was a party or in privity with a party to the prior
> adjudication; (4) The estopped party was given a full and fair opportunity to be heard on
> the adjudicated issue.

<u>Illinois Farmers Ins. Co. v. Reed</u>, 662 N.W.2d 529, 531 (Minn. 2003).  In this case, the only

factor in dispute is whether the issue faced by this Court is identical to that faced by the court in

the State Court lawsuit.

Defendant argues the issue of whether the forum selection clause applies to this litigation

is precisely the issue presented to and decided in the State Court lawsuit.  Plaintiff counters that

the State Court lawsuit applied Minnesota state law, while this Court is required to analyze the

forum selection clause under federal law.  Thus, according to Plaintiff, the question presented to

this Court is not identical to that presented in the State Court lawsuit; as a result, collateral

estoppel can not apply.  Both parties rely heavily on authority from various jurisdictions

interpreting the preclusive effect of state court decisions on *forum non conveniens* grounds;

however, neither cite any precedent dealing with collateral estoppel and forum selection clauses

in this precise context.

In Minnesota, collateral estoppel is not to be applied rigidly.  Rather, its focus is on

whether an injustice would be worked upon the party against whom it is asserted.  <u>Falgren v.

State, Bd. of Teaching</u>, 545 N.W.2d 901, 905 (Minn. 1996).  In this particular instance, no such

injustice would occur.  Instead, this case presents a strong suggestion of forum shopping.

Plaintiff attempts to find a way into a Minnesota court in the face of a forum selection clause

mandating an Iowa forum.  Disappointed with the result in the Minnesota state courts, Plaintiff

seeks to shoehorn its way into federal court in Minnesota in the hopes that federal law will give

it the result it desires.  Minnesota courts have repeatedly indicated their disdain for forum

shopping.  <u>See, e.g.</u>, <u>Bondholder's Recovery Team v. St. Therese Home, Inc.</u>, 1993 WL 515810,

at *2 (Minn. Ct. App. Dec. 14, 1993) (recognizing the goal of preventing forum shopping

between state and federal courts); <u>Nodak Mut. Ins. Co. v. Am. Family Mut. Ins. Co.</u>, 604 N.W.2d

91, 94 (Minn. 2000) (discussing importance of avoidance of forum shopping under choice-of-

law analysis).

Based on the underlying foundations of the collateral estoppel rule, the Court finds that

Plaintiff is estopped from litigating this issue in Minnesota federal court.  The question presented

to this Court by this Motion – whether the forum selection clause precludes filing suit in

Minnesota – is identical to that presented in the State Court lawsuit.  Only the procedural law

differs; the substantive question remains the same, and so does the answer.  This suit must be

4

brought in Iowa.

**C.    Rooker-Feldman Doctrine**

Defendant also contends the Rooker-Feldman doctrine forbids federal courts from reviewing state court decisions.  Prince v. The Arkansas Bd. of Exam'rs in Psychology, 380 F.3d 337, 340 (8th Cir. 2004).  Therefore, according to Defendant, this Court does not have subject matter jurisdiction to hear this case, given the result of the State Court lawsuit.  Plaintiff argues the Rooker-Feldman doctrine is of limited applicability, as recently articulated by the Supreme Court.  See., e.g., Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 125 S.Ct. 1517 (2005).  Because collateral estoppel applies in this action and Plaintiff is estopped from bringing this suit in Minnesota federal district court, the merits of Defendant's Rooker-Feldman argument need not be reached here.

**D.    Forum Selection Clause**

Even if collateral estoppel and Rooker-Feldman preclusion did not apply, Defendant's Motion must be granted because the forum selection clause at issue is valid and binding on Plaintiff under federal law.  Although Plaintiff assumes federal law applies to this issue, that question remains open in the Eighth Circuit.  See Rainforest Cafe, Inc. v. EklecCo., L.L.C., 340 F.3d 544, 546 (8th Cir. 2003) (citations omitted).  Here, a state law analysis is unnecessary, however, as the State Court lawsuit undisputedly decided this issue under Minnesota law.  Fitzke Aff. Ex. 3.  The result, however, is no different under a federal law analysis.  "Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching."  M.B. Rests., Inc. v. CKE Rests., Inc., 183 F.3d 750, 752 (8th Cir. 1999).  Federal courts distinguish between mandatory and permissive forum

selection clauses. <u>McDonnell Douglas Corp. v. Islamic Republic of Iran</u>, 758 F.2d 341, 345-46 (8th Cir. 1985). While a mandatory selection clause uses specific language to clearly designate a forum, permissive clauses merely provide a consent to jurisdiction and venue, but do not require a specific forum. <u>Florida State Bd. of Admin. v. Law Eng'g and Envtl. Services, Inc.</u>, 262 F. Supp. 2d 1004, 1009 (D. Minn. 2003) (citations omitted).

Here, the forum selection clause is mandatory. This is indicated by the first words of the clause: "This Agreement *shall* . . . ." Compl. Ex. A ¶ 10 (emphasis added). The MRA then sets forth a choice of law provision mandating Iowa law govern the dispute, followed by the forum selection clause: ". . . *and* the parties hereto consent to and accept the jurisdiction of the Court of the State of Iowa." Id. (emphasis added). The word "shall," combined with the conjunctive "and," indicate a clear intention that both the choice of law and forum selection clauses were considered mandatory by the parties at the time the MRA was executed. Therefore, even if collateral estoppel did not apply in this instance, federal law dictates the dismissal of this suit.

**IV. CONCLUSION**

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED** that:

1.  Defendant's Motion to Dismiss [Docket No. 2] is **GRANTED**; and

2.  Plaintiff's Complaint [Docket No. 1] is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


s/Ann D. Montgomery

ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:   July 6, 2005